THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   UNITED STATES OF AMERICA,                         CASE NO. CR11-0120-JCC

10                          Plaintiff,                ORDER

11            v.

12   JACOB SAUL STUART,

13                          Defendant.

14

15        This matter comes before the Court on Defendant's *pro se* motion for compassionate

16   release and Defendant's amended motion for compassionate release (Dkt. Nos. 1223, 1228), the

17   parties' motions to seal (Dkt. Nos. 1229, 1237), and the Government's motion for leave to file an

18   overlength brief (Dkt. No. 1234). Having considered the parties' briefing and the relevant record,

19   the Court hereby DENIES Defendant's motions for compassionate release (Dkt. Nos. 1223,

20   1228) and GRANTS the parties' motions to seal and the Government's motion to file an

21   overlength brief (Dkt. Nos. 1229, 1234, 1237) for the reasons explained herein.

22   **I.      BACKGROUND**

23        Defendant is currently serving a 180-month sentence following 2011 guilty pleas on

24   counts of conspiracy to distribute controlled substances and conspiracy to commit money

25   laundering. (Dkt. Nos. 472, 878.) Before the Court are Defendant's *pro se* motion and counsel's

26   amended motion for compassionate release (Dkt. Nos. 1223, 1228). Defendant asserts that his

ORDER
CR11-0120-JCC
PAGE - 1

1   need to care for his mother represents sufficiently extraordinary and compelling circumstances to

2   justify the Court's consideration of a reduced sentence. (*See generally* Dkt. Nos. 1223, 1228.)

3   **II.    DISCUSSION**

4         **A.    Defendant's Motion for Compassionate Release**

5         A court may reduce a term of imprisonment if "extraordinary and compelling reasons

6   warrant such a reduction" and "such a reduction is consistent with applicable policy statements

7   issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing

8   Commission's relevant policy statement adds that a court may reduce a term of imprisonment if

9   "the defendant is not a danger to the safety of any other person or to the community." United

10  States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. The policy statement also directs courts to

11  consider the factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13 cmt. n.4. Taken together,

12  the policy statement and 18 U.S.C. § 3582(c)(1)(A) establish three requirements that must be

13  satisfied before reducing a defendant's sentence: extraordinary and compelling reasons must

14  warrant release, a defendant cannot represent a danger to the community upon release, and any

15  reduction in the defendant's sentence must be consistent with 18 U.S.C. § 3553(a). *See* 18 U.S.C.

16  § 3582(c)(1)(A); U.S.S.G. § 1B1.13.  "A defendant seeking a reduction in his terms of

17  imprisonment bears the burden to establish both that he has satisfied the procedural prerequisites

18  for judicial review and that compelling and extraordinary reasons exist to justify compassionate

19  release." [1] *U.S. v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

20        The Sentencing Commission's policy statement lists four categories of cases where

21  extraordinary and compelling reasons warrant a reduction in a defendant's sentence, *see* USSG

22  § 1B1.13 cmt. n.1, none of which include caring for a parent. Defendant asks the Court to look

23  beyond the Commission's policy statement, arguing that the First Step Act "'freed district courts

24

25        [1] Defendant presented a request for compassionate release to the warden of his facility on

26  May 12, 2020. (Dkt. No. 1228-4.) Thus, Defendant has satisfied the exhaustion requirement of
    18 U.S.C. 3582(c)(1)(A).

1   to consider the full slate of extraordinary and compelling reasons that an imprisoned person

2   might bring before them in motions for compassionate release.'" (Dkt. No. 1228 at 8 (quoting

3   *U.S. v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).) The Court declines to consider doing so here

4   because Defendant fails to carry his burden in demonstrating that his mother is truly

5   incapacitated and that Defendant is the only possible caregiver. Defendant admits, for example,

6   that his mother's husband, while dealing with his own health issues, is presently able to provide

7   at least some assistance to his mother. (*See* Dkt. Nos. 1223, 1242-1.) Nor is it clear to the Court

8   why Defendant's spouse cannot care for his mother. She allegedly intends to move to Arizona

9   with Defendant in the event his motion is granted. (*See* Dkt. No. 1228 at 2; *see also* Dkt. No.

10  1242-1 (declaration from Defendant's mother indicating that Defendant's "wife could assist me

11  as well to take the burden off [Defendant]").) Therefore, Defendant fails to carry his burden to

12  establish extraordinary and compelling circumstances, assuming such circumstances include

13  caring for an ailing parent. The Court need not consider the remaining requirements for a

14  reduction in sentence, namely whether Defendant would be a danger to the community upon

15  release and whether a reduction in Defendant's sentence would be consistent with 18 U.S.C.

16  § 3553(a). 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

17          **B.      Motion to File Overlength Brief and Motions to Seal**

18          The Government moves to file a 15-page brief in response to Defendant's motions (Dkt.

19  No. 1234). A brief of this length is reasonable given that the Government is responding to 24

20  pages of combined briefing from Defendant, between his original and amended motions. (*See*

21  Dkt. Nos. 1223, 1228.) The parties also move to maintain some of Defendant's exhibits and the

22  Government's response under seal (Dkt. Nos. 1229, 1237). The Court starts from the position

23  that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R.

24  5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To overcome that

25  presumption, a party seeking to seal a judicial record must show "compelling reasons" to seal the

26  record if it relates to a dispositive pleading. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d

1172, 1180 (9th Cir. 2006). Here, the filings at issue contain personal information that should not be available to the public. There is a compelling interest in maintaining the confidentiality of this information and that interest outweighs the public's interest in its disclosure. *See Kamakana*, 447 F.3d at 1179.

## III.    CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motions for compassionate release (Dkt. Nos. 1223, 1228) and GRANTS the Government's motion to file an overlength brief and the parties' motions to seal (Dkt. Nos. 1229, 1234, 1237). The Clerk is DIRECTED to maintain Docket Numbers 1230 and 1235 under seal until further order of the Court.

DATED this 30th day of November 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR11-0120-JCC
PAGE - 4