THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR11-0120-JCC |
| Plaintiff, | ORDER |
| v. | |
| JACOB SAUL STUART, | |
| Defendant. | |

This matter comes before the Court on Defendant Jacob Saul Stuart's renewed motion for compassionate release (Dkt. No. 1249)[1] and the Government's motion for leave to file an overlength brief (Dkt. No. 1253). Having thoroughly considered the briefing and the relevant record, the Court hereby DENIES Defendant's renewed motion and GRANTS the Government's motion for the reasons explained herein.

I. BACKGROUND

Defendant is currently serving a 180-month sentence following 2011 guilty pleas on conspiracy to distribute controlled substances and conspiracy to commit money laundering. (Dkt. Nos. 472, 878, 879.) In his prior motion for compassionate release, Defendant asserted that his

---

[1] The motion is styled as a motion for reconsideration; however, the Court views the motion as a renewed motion for compassionate release, as Defendant does not assert that the Court committed manifest error in its prior ruling. (*See* Dkt. No. 1250.)

ORDER
CR11-0120-JCC
PAGE - 1

desire to care for his mother represented an extraordinary and compelling reason for reducing his sentence. (*See* Dkt. Nos. 1223, 1228.) The Court denied Defendant's motion after concluding that "Defendant fail[ed] to carry his burden in demonstrating that his mother is truly incapacitated and that Defendant is the only possible caregiver." (Dkt. No. 1243 at 3.) Defendant renews this motion. (*See* Dkt. No. 1249). He argues (1) the Ninth Circuit's *Aruda* decision, (2) his own health and COVID-19 concerns, and (3) the updated caretaking needs of his mother warrant reducing his sentence. (*Id.* at 1.)

## II.  DISCUSSION

### A.  Defendant's Motion for Compassionate Release

The Court may reduce a term of imprisonment if extraordinary and compelling reasons warrant a reduction, a defendant has exhausted his administrative rights of appeal with the Bureau of Prisons, and a reduction is consistent with the factors articulated in 18 U.S.C. § 3553(a) and "with applicable policy statements issued by the Sentencing commission." *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Here, it is unclear whether Defendant has satisfied the exhaustion requirement.[2] However, because Defendant fails to present extraordinary and compelling reasons to warrant a sentence reduction, the Court declines to address the exhaustion issue further.

First, in *United States v. Aruda*, the Ninth Circuit held that the Sentencing Commission's policy statement on extraordinary circumstances warranting a reduction in sentence is not presently "applicable" to a motion for compassionate release brought by a defendant directly to the Court. *See* 993 F.3d 797, 802 (9th Cir. 2021). Regardless, the Court may still consider the statement if it so chooses. *Id.*; *see, e.g., United States v. Adams*, 2021 WL 2073389, slip op. at 2 (W.D. Wash. 2021); *United States. v. Gilbert*, 2021 WL 1561702, slip op. at 2 (W.D. Wash.

---

[2] Defendant claims he made a request to his Warden sometime in July 2021 and received a written denial in August 2021. However, Defendant failed to provide any evidence of these events or even a date which they were sent and received. (*Compare* Dkt. No. 1228-4 (attaching a copy of Defendant's request to the Warden), *with* Dkt. No. 1249 (omitting such copies).)

2021). In this instance, the Court chooses to do so.

Second, Defendant's own alleged health concerns do not justify early release. Defendant provides a form letter from a physician which does not attempt to opine on the effects of COVID-19 on Defendant specifically, but which warns of its dangers generally. (*See* Dkt. No. 1249-4.) While the rise of variants may increase the risk of contracting a serious illness from a COVID-19 infection, that concern is reduced because Defendant has been fully vaccinated against its infection. (*See* Dkt. No. 1249 at 5.)

Defendant also claims he has a weak immune system, which, paired with general COVID-19 concerns, he contends warrants early release. (Dkt. No. 1249 at 5–6.) Defendant likens his situation to the defendant in *United States v. Manglona*, who was granted compassionate release based on a preexisting condition that made him uniquely vulnerable to COVID-19 complications. (*See* Dkt. No. 1249 at 6 (citing 2021 WL 808386, slip op. at 1 (W.D. Wash. 2021)).) But unlike the defendant in *Manglona*, Defendant presents no evidence of aggravating conditions beyond a conclusory statement that a childhood doctor told him he probably had a weak immune system. (Dkt. No. 1249-1, 1249-2.) Consistent with this, the court in *Manglona* rejected the defendant's compassionate release motion until he provided medical records to substantiate his health-related claims. *See* 2021 WL 808386, slip op. at 1. Here, Defendant fails to provide any such records. (*See* Dkt. No. 1249 at 5–6.) Moreover, many courts have concluded that, under similar circumstances, health conditions no longer represent an extraordinary and compelling reason warranting a reduction in sentence. *See, e.g.*, *United States v. McBriarty*, 2021 WL 1648479, slip op. at 6 (D. Conn. 2021); *United States. v. McGill*, 2021 WL 662182, slip op. at 5 (D. Md. 2021). The Court reaches the same conclusion here.

Lastly, Defendant fails to submit any evidence demonstrating a material change in his mother's condition that would change the Court's prior analysis. (*See* Dkt. No. 1249 at 4–5.) He also fails to explain why other family members, including his mother's husband, cannot adequately care for her until Defendant is released. (*See id.*) His only new argument is that his

wife cannot move to Arizona to care for Defendant's mother. (Dkt. No. 1249-6.) But that assertion alone is not sufficient to warrant a reduction in sentence. (*See* Dkt. No. 1243.)

For the reasons described above, the Court FINDS that Defendant has failed to carry his burden to establish extraordinary and compelling circumstances warranting a reduction in his sentence. Accordingly, the Court need not consider whether a reduction in Defendant's sentence would be consistent with 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines § 1B1.13.

The remaining sentence continues to reflect the seriousness of Defendant's crimes and will afford adequate deterrence, protect the public, and provide Defendant with the correctional treatment he needs. Accordingly, Defendant's renewed motion for compassionate release is DENIED.

### B. Motion to File Overlength Brief

The Government moves to file an overlength brief in response to Defendant's renewed motion for compassionate release (Dkt. No. 1253.) The Court finds the length of the Government's response brief reasonable and hereby GRANTS the Government's motion.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's renewed motion for compassionate release (Dkt. No. 1249) and GRANTS the Government's motion to file an overlength brief (Dkt. No. 1253).

DATED this 21st day of October 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE